United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 10, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————

No. 05-30629

—————————

H. HUNTER WHITE, III,

Plaintiff-Appellee,

versus

KPMG LLP; ET AL,

Defendants,

PRESIDIO FUND ADVISORS LLC,

Defendant-Appellant.

—————————

Appeal from the United States District Court for the
for the Eastern District of Louisiana

—————————

Before GARWOOD, DAVIS and GARZA, Circuit Judges.

PER CURIAM:[*]

Presidio Fund Advisors LLC (Presidio), a defendant below,
seeks to appeal the district court's denial of its motion to stay
proceedings pending the arbitration of the claims of plaintiff-

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appellee H. Hunter White (White) against other defendants in the suit, Deutsche Bank AG and Deutsche Bank Securities, Inc. (collectively Deutsche Bank) and Olson Lemons PC (Olson Lemons). White originally filed the suit in July 2004 for, inter alia, alleged violations of section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 and related state law claims, against KPMG, LLP (KPMG), Deke Carbo, Presidio, and Bayside Diversification Fund, Ltd. (Bayside); Olson Lemons was subsequently added as a defendant, as was Deutsche Bank. The suit against KPMG, and that against Deke Carbo, each had settled by sometime in January 2005.

Deutsche Bank and Olson Lemons each had separate written arbitration agreements with White. Deutsche Bank moved under 9 U.S.C. §§ 3 & 4 to compel arbitration of the claims against it and for stay of the suit against it pending arbitration; Olson Lemons moved under section 3 for stay of the suit against it pending arbitration under its arbitration agreement. Presidio was not a party to or mentioned in any of those arbitration agreements, or in any other arbitration agreement to which White (or any other party to the suit) was a party.[1] Presidio moved for a stay of the suit against it under section 3 on the ground that the claims against it

_____

[1]  KPMG likewise had a written arbitration agreement with White (which did not mention Presidio and to which it was not a party) and also moved under §§ 3 & 4 to compel arbitration and for stay of the suit against it; that motion was mooted by White's settlement with KPMG.

were so interrelated with the claims against Deutsche Bank and with those against Olson Lemons that the suit against Presidio should be stayed pending the arbitration of the claims of White against Deutsche Bank and the arbitration of the claims of White against Olson Lemons.  Presidio does not claim to be a party to any arbitration agreement or be entitled to arbitrate any claims against it.

The district court in May 2005 granted the motion of Deutsche Bank to compel arbitration and for stay and granted the motion of Olson Lemons for stay,[2] but denied Presidio's motion for stay.  As to Presidio, the court noted:

> ". . . I'm not persuaded that there is enough of an overlap so at this point in time anyway, I'm not going to grant the stay.  And we can – so the motion of Presidio to stay the proceedings pending arbitration is denied, at least at this juncture.  If something happens further down the road to further illuminate it, to be raised again perhaps, but I'm not persuaded at this point."

We agree with the district court that there is not enough of an overlap.  Presidio has not demonstrated that, as a non-party to any relevant arbitration agreement, it is entitled to a mandatory stay under section 3.  As we recently stated, "the question is . . . ultimately . . . whether proceeding with litigation [against a non-signatory seeking a stay] will destroy the signatories' right to a meaningful arbitration."  *Waste Mgmt. v. Residuos Industriales*

---

[2]    Shortly before oral argument we were informed that all White's claims against Olson Lemons had settled.

*Multiquim*, 372 F.3d 339, 343 (5th Cir. 2004).[3] Here, proceeding with the suit against Presidio will not destroy the right of Deutsche Bank, or that of Olson Lemons, to a meaningful arbitration.[4]

We hold that Presidio is not entitled to a mandatory stay under section 3. Hence, we have no jurisdiction under 9 U.S.C. § 16(a)(1)(A). *Waste Mgmt.* at 343; *Adams v. Georgia Gulf Corp.*, 237 F.3d 538, 541-42 (5th Cir. 2001). Although the district court has discretionary authority to grant a stay in the management of its docket, denial of such a discretionary stay is a non-appealable interlocutory order where, as here, the request for stay "does not fall under the auspices of the FAA." *Adams* at 541.

Accordingly, the appeal is

DISMISSED.

---

[3] *See also id*. at 342, n.2 ("litigation would have adversely affected the signatory's right to arbitration"); n.3 ("if lawsuit against non-signatory were allowed to proceed, it would have a critical impact upon the arbitration"); and n.4 ("permitting suit to go forward would undermine the arbitration proceeding").

[4] We note that there is nothing to indicate that any of the parties to the various arbitration agreements – either KPMG, Olson Lemons or Deutsche Bank – has ever taken the position that the failure to stay this suit as against Presidio would adversely affect the rights of that party (i.e., KPMG, Olson Lemons or Deutsche Bank) to a meaningful arbitration.